The opinion of the court was delivered by
Marr, J.
The petition alleges that the plaintiff, Goldsmith, is owner and proprietor of a bar-room or coffee-house, in which building “ he conducts what is known as a concert saloon, and in the same saloon or coffee-house where theatrical plays are performed, as so claimed by the *647 city, but which in truth, as to the concert saloon and theatrical plays as applied to your petitioner, is not true.”
What the precise meaning of this paragraph in the petition may be we cannot tell; but the petition proceeds to state that the city demands of petitioner $2500, license tax, and $50, hospital tax; and unless he pays this tax his business will be closed.
He alleges that the ordinance imposing this tax is unconstitutional and void, because it discriminates against his business by charging for the same largely in excess of other business of the same character: that is, that some coffee-houses are required to pay $75, and theatrical plays $250, being $325, “ while for the same business petitioner is charged, as aforesaid, $2500, besides the $50 hospital tax, not imposed on others doing the same business.”
He prays for an injunction restraining the city from, collecting the license and hospital taxes, and the city and the police from closing his business.
The injunction was granted on plaintiff giving bond for $250. The city moved to dissolve for insufficiency of the bond ; and because the plaintiff is without right to enjoin the city in the premises. This motion was tried and taken under advisement on the 11th February; and on the 14th March the city obtained an order dissolving the injunction on bond.
On the 15th March the court dissolved the injunction on the motion submitted 11th February; and plaintiff appealed from the order to dissolve on bond, and from the judgment dissolving the injunction on the motion.
. This case differs from Becker’s, just decided, in that Becker alleged that he was not keeping a coffee-house with theatrical performances, while plaintiff clearly admits, by his uncandid and contradictory pleadings, that he is carrying on the precise business for which the city ordinance requires the license tax demanded. It also differs, in that Becker sought to bond the injunction granted to the city, while in this case the city obtained an order to bond the injunction granted to plaintiff. Plaintiff also alleges the unconstitutionality of the ordinance, which Becker did not do.
The city had the power, as we have seen in Becker’s case, to impose the license tax. No law lays down any rule by which the amount of this tax shall be fixed. It is a question of expediency and of police regulation, of which the city authorities are sole judges; and the judicial tribunals have no power to control tnem in the exercise of this discretion.
As to the alleged discrimination, the license tax must, be a fixed sum. for each calling or business. Coffee-houses doing no other business than that of retailing beverages may be taxed $75: theatres, which *648 minister to the intellectual tastes by scenic exhibitions, music, etc., without furnishing drinks or other refreshments, may be taxed $250. Coffeehouses with vocal or instrumental music, or both, may be taxed $1000; and coffee-houses with theatrical performances, may be taxed $2500, without any infringement of the law of equality and uniformity.
A coffee-house with theatrical performances is neither a mere coffeehouse, nor is it a theatre, in the sense of the law. It is a distinct business; and the license for such a business is not to be ascertained by adding to the coffee-house license that required for a theatre. The city authorities may have deemed it wise to suppress such establishments by imposing a heavy license tax: they may have considered them peculiarly dangerous to the public peace, and the tranquility of the neighborhoods in which they are located; and as destructive of good morals; especially with respect to the young and inexperienced, attracted to them by the extraordinary combinations by which they minister to sensuality. What the keeper of such an establishment has the right to require is, that all who pursue the same business shall pay the same amount as license tax; and that is what the city ordinance requires.
We incline to the opinion that article 307 of the Code of Practice does not apply to such injunctions as this; but it is not necessary for us to pass upon that point now ; because the injunction was dissolved on the motion the day after the order to dissolve on bond was granted.
For the reasons stated in the case of Becker, just decided, we think the court erred in granting the injunction. If every taxpayer may arrest the city in the enforcement of its ordinances, and in the exercise of its police powers, and in the collection of taxes, by alleging the unconstitutionality of the law or ordinance, it would not be possible to administer the city government.
The judgment appealed from is therefore affirmed with costs.